SEYFARTH SHAW LLP
Timothy L. Hix (SBN 184372)
thix@seyfarth.com
Brittney E. Willis (SBN 334694)
bwillis@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Bailey K. Bifoss (SBN 278392)
bbifoss@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendants
BIOLIFE PLASMA SERVICES, L.P.,
BIOLIFE PLASMA LLC,
TAKEDA PHARMACEUTICALS U.S.A., INC., and
TAKEDA PHARMACEUTICALS AMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIRO ANTONIO DIONICIO GARCIA, individually and on behalf of others similarly situated,<br><br>                  Plaintiff,<br><br>        v.<br><br>BIOLIFE PLASMA SERVICES, L.P., a Pennsylvania limited Partnership; BIOLIFE PLASMA LLC, a Delaware Limited Liability Company; TAKEDA PHARMACEUTICALS AMERICA, INC., a Delaware Corporation; TAKEDA PHARMACEUTICALS U.S.A., INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                  Defendants. | Case No. **'26 CV 580   BTM DEB**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>(San Diego Superior Court Case No. 25CU062256C)<br><br>[*Concurrently filed with Civil Case Cover Sheet; Declarations of Timothy L. Hix and Lynn Pham; Corporate Disclosure Statement; Certificate of Interested Parties; and Proof of Service*]<br><br>Complaint Filed:  November 19, 2025 |

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

# **TABLE OF CONTENTS**

**Page**

I.    PLEADINGS, PROCESSES, AND ORDERS ........................................................ 1

II.   TIMELINESS OF REMOVAL ...................................................................... 2

III.  JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT .................... 2

    A.   The Parties Are Minimally Diverse ................................................ 3

        1.   Plaintiff Is A Citizen Of California ...................................... 3

        2.   Takeda Pharmaceuticals U.S.A., Inc. Is A Citizen Of Delaware And Massachusetts, Not California ........................................ 4

        3.   Doe Defendants' Citizenship Must Be Disregarded ............................ 5

    B.   The Amount In Controversy Exceeds The Statutory Minimum ................... 5

        1.   Preponderance Of The Evidence Standard. ........................................ 6

        2.   The Court Must Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations. ........................................ 8

IV.   NO JOINDER REQUIRED ........................................................................ 16

V.    VENUE ................................................................................................ 16

VI.   NOTICE TO STATE COURT AND ALL PARTIES .......................................... 17

VII.  PRAYER FOR REMOVAL ......................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ...................................................................................5, 7

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019) ........................................................................................7

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000) ........................................................................................3

*Arreola v. The Finish Line*,
2014 WL 6982571 (N.D. Cal. Dec. 9, 2014)................................................................9

*Bryant v. NCR Corp.*,
284 F. Supp. 3d 1147 (S.D. Cal. 2018)......................................................................13

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987)......................................................................................................8

*Coleman v. Estes Express Lines, Inc.*,
730 F. Supp. 2d 1141 (C.D. Cal. 2010), *aff'd sub nom.* 631 F.3d 1010
(9th Cir. 2011)..............................................................................................................9

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014)........................................................................................................7

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988) ...................................................................................15

*Franke v. Anderson Merchandisers LLC*,
2017 WL 3224656 (C.D. Cal. July 28, 2017)..............................................................9

*Fristoe v. Reynolds Metals Co.*,
615 F.2d 1209 (9th Cir. 1980) .....................................................................................5

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) ...................................................................................7, 8

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)........................................................................................................4

*Jones v. Tween Brands, Inc.*,
2014 WL 1607636 (C.D. Cal. Apr. 22, 2014) ...........................................................10

*Kantor v. Wellesley Galleries, Inc.*,
704 F.2d 1088 (9th Cir. 1983) .....................................................................................3

*Korn v. Polo Ralph Lauren Corp.*,
536 F. Supp. 2d 1199 (E.D. Cal. 2008) .......................................................................7

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ....................................................................................3

*Lopez v. Aerotek, Inc.*,
  2015 WL 2342558 (C.D. Cal. May 14, 2015).........................................................13

*Lyon v. W.W. Grainger, Inc.*,
  2010 WL 1753194 (N.D. Cal. Apr. 29, 2010).........................................................12

*Muniz v. Pilot Travel Ctrs. LLC*,
  2007 WL 1302504 (E.D. Cal. May 1, 2007) ............................................................8

*Oda v. Gucci Am., Inc.*,
  2015 WL 93335 (C.D. Cal. Jan. 7, 2015)................................................................13

*Perez v. WinnCompanies, Inc.*,
  2014 WL 5823064 (E.D. Cal. Nov. 10, 2014)..........................................................14

*Rapisura v. BMW of North America, LLC*,
  2022 WL 1557001 (E.D. Cal. May 17, 2022) .........................................................12

*Ritenour v. Carrington Mortg. Servs. LLC*,
  228 F. Supp. 3d. 1025 (C.D. Cal. 2017)....................................................................9

*Rodriguez v. AT&T Mobility Servs. LLC*,
  728 F.3d 975 (9th Cir. 2013) ................................................................................6, 8

*Sanchez v. Abbott Labs.*,
  2021 WL 2679057 (E.D. Cal. June 30, 2021) .........................................................13

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ...................................................................................7

*Schiller v. David's Bridal, Inc.*,
  2010 WL 2793650 (E.D. Cal. July 14, 2010)............................................................7

*Slay v. CVS Caremark Corp.*,
  2015 WL 2081642 (E.D. Cal. 2015)........................................................................14

*Soliman v. Philip Morris, Inc.*,
  311 F.3d 966 (9th Cir. 2002) ....................................................................................5

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013)..................................................................................................6

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ....................................................................................3

*Torrez v. Freedom Mortg., Corp.*,
  2017 WL 2713400 (C.D. Cal. June 22, 2017)...........................................................9

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ..................................................................................8

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

*Wheatley v. MasterBrand Cabinets*,
 2019 WL 688209 (C.D. Cal. Feb. 19, 2019) ..................................................9

*Zavala v. Deutsche Bank Trust Co. Americas*,
 2013 WL 3474760 (N.D. Cal. July 10, 2013) ................................................3

**State Cases**

*Murphy v. Kenneth Cole Prods., Inc.*,
 40 Cal. 4th 1094 (2007) ...............................................................................12

**Federal Statutes**

28 U.S.C. § 84(c) ...............................................................................................15

28 U.S.C. § 1332 .............................................................................................1, 5

28 U.S.C. § 1332(c) .............................................................................................1

28 U.S.C. § 1332(c)(1) .....................................................................................4, 5

28 U.S.C. § 1332(d) ........................................................................................6, 15

28 U.S.C. § 1332(d)(2) .................................................................................*passim*

28 U.S.C. § 1332(d)(2)(A) ..............................................................................3, 5

28 U.S.C. § 1332(d)(5)(B) ...................................................................................2

28 U.S.C. § 1332(d)(6) ......................................................................................2, 5

28 U.S.C. § 1367(a) ...........................................................................................15

28 U.S.C. § 1441 .................................................................................................1

28 U.S.C. § 1441(a) .....................................................................................*passim*

28 U.S.C. § 1446 .................................................................................................1

28 U.S.C. § 1446(a) ...........................................................................................15

28 U.S.C. § 1446(b)(1) .........................................................................................2

28 U.S.C. § 1446(d) ...........................................................................................16

28 U.S.C. § 1453 .................................................................................................1

Class Action Fairness Act of 2005 ("CAFA") ............................................*passim*

Pub. L. 112–63, Dec. 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28
 U.S.C. § 1446(c)(2) (emphasis added)) .........................................................6

**State Statutes**

Business and Professions Code § 17200 *et seq.* .............................................12

iv

Cal. Bus. & Prof. Code § 17208 ...................................................................................... 12

Cal. Civ. Code § 340 ........................................................................................................ 14

Cal. Civ. Proc. Code § 340(a) ......................................................................................... 14

Cal. Lab. Code § 512 ....................................................................................................... 12

California Labor Code § 226 ........................................................................................... 14

California Labor Code § 226(e) ....................................................................................... 14

California Labor Code § 226.7 ......................................................................................... 12

**Rules**

Fed. R. Civ. P., Rule 6(a)(1)(c).......................................................................................... 2

**Regulations**

IWC Wage Order 9 § 12(A).............................................................................................. 12

Senate Judiciary Committee Report, S. Rep. No. 109-14 (2005), *reprinted in*
  2005 U.S.C.C.A.N. 3 ..................................................................................................... 6

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendants BIOLIFE PLASMA SERVICES, L.P., BIOLIFE PLASMA LLC, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA PHARMACEUTICALS AMERICA, INC. ("Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2), and removal jurisdiction under 28 U.S.C. sections 1332(c), 1332(d)(2), 1441(a), 1446 and 1453. Removal is proper for the reasons set forth below.

**I.     PLEADINGS, PROCESSES, AND ORDERS**

1.      On November 19, 2025, Hairo Antonio Dionicio Garcia ("Plaintiff") filed an unverified putative Class Action Complaint in the Superior Court of the State of California for the County of San Diego ("San Diego Superior Court"), entitled "*HAIRO ANTONIO DIONICIO GARCIA, an individual and on behalf of all others similarly situated, Plaintiff, v.* BIOLIFE PLASMA SERVICES, L.P., BIOLIFE PLASMA LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and TAKEDA PHARMACEUTICALS U.S.A., INC., *and DOES 1 through 50, inclusive, Defendants* and designated Case No. 25CU062256C ("Complaint").[1] A true and correct copy of the Complaint is attached as

---

[1] A related putative wage-and-hour class action—*Lisa Guerrero v. BioLife Plasma Services, L.P.*, et al., Case No. 5:25-cv-02936-KK-DTB—is currently pending before the Honorable Kenly Kiya Kato, United States District Judge for the Central District of California. The *Guerrero* matter was removed from the San Bernardino County Superior Court to the Central District of California on November 3, 2025 and the case involves the same defendant entities, substantially similar allegations, and an overlapping putative class of non-exempt California employees. Pham Decl., ¶ 16. Defendants intend to file a Notice of Related Case in both matters to ensure the Court is fully apprised of the related proceedings and to promote judicial efficiency.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

**Exhibit A** to the concurrently filed declaration of Timothy L. Hix. Declaration of Timothy L. Hix. ("Hix Decl."), ¶ 2.

2.      On December 31, 2025, Defendants received, by and through their registered agent for service of process, a packet containing the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference; Notice of E-Filing Requirements; and Alternative Dispute Resolution Packet. A true and correct copy of the service packet received by Defendants is attached as **Exhibit B** to the declaration of Timothy L. Hix. Hix Decl., ¶ 3.

3.      On January 28, 2026, Defendants filed an Answer in the San Diego Superior Court. A true and correct copy of Defendants' Answer is attached as **Exhibit C** to the declaration of Timothy L. Hix. Hix Decl., ¶ 4.

4.      Defendants have not filed or received any other pleadings or papers in this action, other than the pleadings and papers described as **Exhibits A through C** prior to filing this Notice of Removal. Hix Decl., ¶¶ 5-6.

## II.      TIMELINESS OF REMOVAL

5.      Notice of removal is timely if it is filed within 30 days after the service of the complaint or summons: "The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . ." 28 U.S.C. § 1446(b)(1).

6.      Here, service of the Complaint on Defendants was deemed complete on December 31, 2025, when Defendants were served with the Complaint through its registered agent. Hix Decl., Ex. B. Defendants' Notice of Removal is timely because it filed this Notice on January 28, 2026, which is within 30 days of service of the Complaint on Defendants on December 31, 2025. Fed. R. Civ. P., Rule 6(a)(1)(c).

## III.      JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.      This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. section 1332(d)(2). As set forth below, this action is removable,

2

pursuant to 28 U.S.C. section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5 million exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B); Declaration of Lynn Pham ("Pham Decl."), filed concurrently herewith, Pham Decl., ¶ 12.

### A.    The Parties Are Minimally Diverse

8.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one class member must be a citizen of a state different from any named defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Here, such minimal diversity exists: Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Defendant Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") (which is a citizen of Delaware and Massachusetts).

### 1.    Plaintiff Is a Citizen of California

9.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state"). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

10.    Plaintiff alleges he "was at all times relevant to this action, a resident of California." Compl., ¶ 12. Moreover, Plaintiff maintained an address of record with Defendants in California throughout his employment. Pham Decl., ¶ 8. At no time has Plaintiff notified Defendants of any address outside California. *Id.* Plaintiff's domicile, and intent to remain domiciled in California, is further evident from the fact that he brought this lawsuit in San Diego Superior Court. Therefore, Plaintiff has been, at all relevant times, a citizen and resident of the State of California.

### 2.    Takeda Pharmaceuticals U.S.A., Inc. Is A Citizen of Delaware and Massachusetts, Not California

11.    Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") is and was at the time of the filing of this action a citizen of a state other than California within 28 U.S.C. section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12.    Takeda is now and ever since this action commenced has been incorporated under the laws of the State of Delaware. Pham Decl., ¶ 9. Thus, for purposes of diversity jurisdiction, Takeda is a citizen of Delaware.

13.    Further, as shown below, Takeda's principal place of business is and has been at all times since this action commenced located in Cambridge, Massachusetts. Pham Decl., ¶ 10. Thus, for purposes of diversity jurisdiction, Takeda is also a citizen of Massachusetts.

14.    The U.S. Supreme Court held that when determining a business' principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the nerve center test, the "principal place of business" means the corporate headquarters where a business' high-level officers direct, control and coordinate its activities on a day-to-day basis. *Id*. ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

4

15. Under the "nerve center" test, Massachusetts emerges as Takeda's principal place of business. Takeda's corporate headquarters are located in Cambridge, Massachusetts, where Takeda's high-level officers direct, control, and coordinate Takeda's activities. Pham Decl., ¶ 10. Takeda's high level corporate officers maintain offices in Massachusetts, and many of Takeda's corporate level functions are performed in the Massachusetts office. *Id.* Additionally, many of Takeda's executive and administrative functions, are directed from the Massachusetts headquarters. *Id.* Takeda's overall executive and administrative functions do not occur in the State of California. *Id.*

16. Therefore, for purposes of diversity jurisdiction, Takeda is and has been at all times since this action commenced a citizen of the States of Delaware and Massachusetts.  28 U.S.C. § 1332(c)(1).

17. Because Plaintiff is a citizen of California and Takeda is a citizen of Delaware and Massachusetts, minimal diversity exists for purposes of CAFA. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("§ 1332(d)(2)(A) requires only minimal diversity, not complete diversity.").

### 3. Doe Defendants' Citizenship Must Be Disregarded

18. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"). Indeed, the presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. Thus, the existence of "DOES 1 to 50" in the Complaint does not deprive this Court of jurisdiction. *Abrego*, 443 F.3d at 679-80 (rule applied in CAFA removal).

### B. The Amount In Controversy Exceeds The Statutory Minimum

19. CAFA requires that the amount in controversy exceed $5 million, exclusive

of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

### 1.    Preponderance Of the Evidence Standard.

20.    Plaintiff's Complaint does not allege the exact amount in controversy for the class he purports to represent. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum. In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard. *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

21.    In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the **preponderance of the evidence**, that the amount in controversy exceeds the amount specified in section 1332(a)." Pub. L. 112–63, Dec. 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d at 683 ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy . . . we therefore apply the preponderance of the evidence burden of proof to the removing defendant"). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount").

22.    To satisfy this standard, the "defendants' **notice of removal need include only a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages

7

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

might be 'less than the requisite ... amount'") (emphasis added).

23. The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

24. It is well settled that the court must assume the allegations of the Complaint are true for purposes of determining the amount in controversy. *Tellez-Lagunas v. Hyatt Corp.*, 2022 WL 5133501, at *3 (S.D. Cal. Oct. 4, 2022) (denying motion to remand in FEHA and wage/hour complaint). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.*, citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

25. As the Ninth Circuit explains, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez*, 728 F.3d at 981 (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino*, 506 F.3d at 702 (holding that even if a plaintiff affirmatively pleads damages less than the jurisdictional minimum and does not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

### 2. The Court Must Assume A 100% Violation Rate Based on Plaintiff's Class-Wide Allegations.

26. Here, Plaintiff alleges class action claims for violation of the California Labor Code and the California Business and Professions Code. *See generally* Compl., If a plaintiff asserts statutory violations, the Court must assume that the violation rate is 100%

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought. She did not.

*Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Ramirez v. Carefusion Res., LLC,* 2019 WL 2897902, at *4 (S.D. Cal. July 5, 2019) (Labor Code section 226(a) allegations supported 100% violation rate); *Varsam v. Lab'y Corp. of Am.* 2015 WL 4199287, at *4 (S.D. Cal. July 13, 2015) (assuming 100% violation rate where plaintiff alleged a "laundry list" of potential violations").

27.     District courts in the Southern District, as well as those throughout California, have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate. *See Ramirez*, 2019 WL 2897902; *Muniz*, 2007 WL 1302504; *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.") (collecting cases), *aff'd*, 631 F.3d 1010 (9th Cir. 2011); *Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *5 (N.D. Cal. Feb. 27, 2019).

28.     In this action, Plaintiff's Complaint asserts nine causes of action for: (1) "Failure to Pay Wages Including Overtime"; (2) "Failure to Provide Meal Periods"; (3) "Failure to Provide Rest Periods"; (4) "Failure to Pay Timely Wages"; (5) "Failure to Provide Accurate Itemized Wage Statements"; (6) "Failure to Indemnify Necessary Business Expenses"; (7) "Failure to Accurately Pay and Record Sick Pay"; (8) "Illegal

9

Agreements"; and (9) "Unfair Business Practices." *See* Compl., at p. 62-120.

29.    Plaintiff seeks to certify and seeks relief on behalf of the following class of employees ("Class"):

> All persons who have been employed by Defendants as Non–Exempt Employees or equivalent positions, however titled, in the State of California within four (4) years from the filing of the Complaint in this action until its resolution ("Class" ("Class").

Compl., ¶ 16.

30.    Plaintiff's Complaint further alleges the existence of nine subclasses defined as follows:

> **Overtime Subclass**
> All Class Members who were not provided paid overtime and minimum wages by Defendants ("Overtime Subclass").

Compl., ¶ 17 (Sub-Class 1).

> **Meal Period Subclass**
> All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work-day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period ("Meal Period Subclass").

Compl., ¶ 17 (Sub-Class 2).

> **Rest Period Subclass**
> All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work-day but were not authorized and permitted a rest period ("Rest Period Subclass").

Compl., ¶ 17 (Sub-Class 3).

> **Wage Statement Subclass**
> All Class Members who are or were employed by Defendants who received wage statements from Defendant ("Wage Statement Subclass")

Compl., ¶ 17 (Sub-Class 4).

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

**Waiting Time Penalty Subclass**
All Class Members who have been employed by Defendants and have separated their employment ("Waiting Time Penalty Subclass").

Compl., ¶ 17 (Sub-Class 5).

**Business Reimbursement Subclass**
All Class Members who did not receive reimbursement for necessary business expenses from Defendants ("Business Reimbursement Subclass").

Compl., ¶ 17 (Sub-Class 6).

**Sick Pay Subclass**
All Class Members who did not receive accurate sick pay from Defendants ("Sick Pay Subclass").

Compl., ¶ 17 (Sub-Class 7).

**Illegal Agreements Subclass**
All Class Members who were subject to illegal agreements under Labor Code section 432.5 from Defendants ("Illegal Agreements Subclass").

Compl., ¶ 17 (Sub-Class 8).

**Unfair Business Practice Subclass**
All Class Members who are or were employed by Defendants and subject to Defendants' Unfair Business Practices ("Unfair Business Practice Subclass").

Compl., ¶ 17 (Sub-Class 9).

31.     Plaintiff's Complaint was filed on November 19, 2025, and Plaintiff defines the class as "All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution," see Compl., ¶ 16. However, the existence of a prior settlement in the matter of *Figueroa et al. v. BioLife Plasma Services, LP et al.*, San Diego Superior Court Case No. 37-2023-00032681-CU-OE-CTL, released the claims alleged in Plaintiff's Complaint through August 6, 2024. Thus, for purposes of calculating the amount in controversy in this

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

Notice of Removal, Defendants use the period beginning on August 7, 2024 and ending on October 27, 2025 ("Amount in Controversy Period").

32.    During the Amount In Controversy Period, BioLife employed at least **1,297** non-exempt employees in California who are identified in the Complaint as the Class. Pham Decl., ¶ 12. Those employees worked an aggregate total of **54,141** workweeks at an average rate of pay of **$30.22**. Pham Decl., ¶¶ 12-13.

### 3.    The Amount-in-Controversy Well Exceeds $5 Million.

33.    Plaintiff seeks to recover unpaid wages, premiums, penalties, and restitution for herself and the Class due to Defendants' alleged failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods or authorize and permit rest periods, failure to timely pay final wages and failure to provide accurate and complete itemized wage statements. Compl., ¶¶ 62-120. Plaintiff also seeks attorneys' fees and costs. *See* Compl., Prayer for Relief at pp. 3.

34.    As set forth below, the amount in controversy implicated by Plaintiff's class-wide allegations exceeds $5 million.[2]

35.    Plaintiff's second cause of action for meal period violations is premised on the allegations that "For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants." Compl., ¶ 78. Plaintiff

---

[2] All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.  For the purposes of this removal, penalties associated with the alleged meal period violations, as well as the estimated corresponding wage statement penalties for those alleged violations alone establish that the amount in controversy well exceeds the $5 million threshold for CAFA jurisdiction.  Defendants reserve the right to supplement its calculations of the amount in controversy to include the other aspects of the damages being sought by Plaintiffs in this litigation.  Nothing in this Notice of Removal should be deemed a waiver or concession of asserting any category damage as contributing to the amount in controversy.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

further alleges that "Defendants "frequently failed to provide Plaintiff and the Class Members timely, legally compliant uninterrupted 30-minute meal periods" and claims these violations are "widespread throughout the liability period." *Id.* ¶ 39 and 80.

36.     California law provides that employees are generally entitled to a 30-minute meal period after five hours of work and a second meal period after ten hours of work. Cal. Lab. Code § 512. Likewise, employees are generally entitled to a 10-minute rest period for every four hours of work or major fraction thereof. *See e.g.*, IWC Wage Order 9 § 12(A).

37.     Under California Labor Code section 226.7, employers must pay an extra hour's pay to employees who are not provided full or timely meal periods. Case law makes clear that an employee is entitled to an additional hour's wages per day, for a meal period violation each day. *United Parcel Serv. Wage & Hour Cases*, 196 Cal.App.4th 57 (2011) (employee is limited to recovering up to two penalties per workday, one for failure to provide one or more meal periods, and another for failure to provide one or more rest periods).

38.     The statute of limitations for recovery for meal period premium pay under California Labor Code section 226.7 pay is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). However, Plaintiff alleges a claim for meal period premiums pay for his unfair competition claim under Business and Professions Code section 17200 *et seq*. Compl., ¶ 118. According to the allegations in Plaintiff's Complaint, the four-year statute of limitations applies for purposes of removal. Cal. Bus. & Prof. Code § 17208. Thus, for determining the amount in controversy, the four-year statute of limitations would normally apply, but Defendants will only present argument for the Amount in Controversy Period.

Because Plaintiff alleges that he and the Class Members were not provided compliant meal periods because "Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code", Defendants

13

reasonably interpret Plaintiff to allege that he and the Class Members were not afforded two meal periods per workweek. Compl., ¶ 80; *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (reasonable to assume three missed meals and three missed breaks per week based on plaintiff's allegation that defendant had a "policy and practice" of failing to provide meals and breaks); *Vongdara v. Tech Digital Corp.*, 2025 WL 2753950, at *6 (S.D. Cal. Sept. 29, 2025) (two penalties per week reasonable based on plaintiff's allegation that defendants employed "policies, practices, and/or procedures" that resulted in meal and rest break violations"); *Brumbach v. Hyatt Corp.*, 2021 WL 926692, at *9 (S.D. Cal. Mar. 11, 2021) (assumption of two penalties per week reasonable based on employer's alleged "policy" of failing to provide meal periods and rest breaks). Where Plaintiff has alleged a systematic policy and practice of meal period violations, it is reasonable to assume that there are at least two meal period violations each week for every employee. ("Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code."). Compl., ¶ 80. Indeed, district courts have consistently upheld even higher assumptions of meal period violations as plausible for purposes of determining the amount in controversy. *See, e.g.*, *Bryant*, 284 F. Supp. 3d at 1151 (three meal periods per week); *Sanchez v. Abbott Labs.*, 2021 WL 2679057, at *4–5 (E.D. Cal. June 30, 2021) (same); *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *4–5 (C.D. Cal. Jan. 7, 2015) (2.5 assumed violations per week justified based on "sometimes" language); *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015) ("The Court is persuaded that Aerotek could have logically assumed a 100 percent violation rate because Plaintiff does not qualify her allegations to be on behalf of anything less than all the employees.").

39. As set forth above, between August 7, 2024 and October 27, 2025, BioLife employed 1,297 employees who collectively worked 54,141 workweeks at an $30.22 average rate of pay. Pham Decl., ¶¶ 12-13.

40. Assuming just **two meal period violations per week** for each Class Member,

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

the amount in controversy for Plaintiff's meal period claim is **$3,272,282**.[3]

41.   This sum is calculated by multiplying: (a) employees' average rate of pay during the Amount In Controversy Period by (b) the collective number of workweeks worked by (c) two assumed meal period violations per week (*i.e.*, $30.22 x 54,141 x 2).

42.   When adding on the corresponding wage statement penalties (as calculated below), plaintiffs' class wide meal period violations alone would well exceed the $5 million threshold set forth under 28 U.S.C. section 1332(d)(2) for removal jurisdiction, before inclusion of any additional penalties or attorneys' fees that the putative class may ultimately seek to recover.

43.   Specifically, Plaintiff's fifth cause of action alleges that "Defendants failed to provide accurate, lawful itemized wage statements by omitting required information such as total hours worked, gross and net wages, premiums owed, and other statutorily mandated entries. Compl., ¶¶ 53–57. Plaintiff further contends that Defendants failed to correctly list "Total Hours Worked," improperly reflected supplemental rates such as "HW PREM .5" and "Shift20," and failed to record meal and rest period premiums, off-the-clock time, and applicable rates of pay. Compl., ¶¶ 34–36, 56–57, 97–102.

44.   Based on these allegations, Plaintiff seeks the maximum statutory penalties under Labor Code section 226, asserting knowing and intentional violations that prevented employees from determining whether they were correctly paid. Compl., ¶¶ 101–102.

45.   California Labor Code section 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee. The statute of limitations for recovery of penalties under Section 226 is one year. Cal. Civ. Proc. Code § 340(a).

46.   During the limitations period of November 19, 2024 to October 27, 2025, there are approximately 1,214 potential class members who worked at least 22,725 biweekly pay periods. Pham Decl., ¶ 14.

---

[3] Defendants deny that Plaintiff or any Class member has been denied the opportunity to take a meal period or provided appropriate premium pay.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

47. Accordingly, the amount in controversy for Plaintiff's claim for wage statement penalties is $2,211,800 ([$100 x 21,511 subsequent pay periods (i.e., total pay periods minus total number of employees) = $2,151,100] + [$50 x 1,214 employees/initial pay periods = $60,700]).

48. When the potential wage statement penalty amount in controversy ($2,211,800) is added to the amount in controversy for Plaintiff's claim for meal period violations ($3,272,282), the amount in controversy clearly exceeds $5 million, even before any additionally alleged penalties or attorneys' fees that the putative class may seek to recover.

49. Accordingly, because diversity of citizenship exists and the amount in controversy exceeds $5 million, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2). This action is therefore subject to removal to this Court pursuant to 28 U.S.C. section 1441(a).

50. To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## IV.  NO JOINDER REQUIRED

51. Unnamed, or Doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (Doe defendants need not join in removal). Accordingly, Does 1 through 50 are not required to join in this Notice of Removal.

## V.  VENUE

52. Venue lies in the Southern District of California of the United States District Court pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a). This action was originally brought in San Diego Superior Court, which is located within the Southern District for California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

## VI.   NOTICE TO STATE COURT AND ALL PARTIES

53.   Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and all counsel of record, together with a copy of the Notice of Removal, and will be filed with the Clerk of the San Diego Superior Court.

54.   This Notice of Removal will be served on counsel of record for all parties. A Certificate of Service regarding the Notice of Removal and supporting documents will be filed concurrently.

## VII.   PRAYER FOR REMOVAL

55.   WHEREFORE, Defendants pray that this civil action be removed from San Diego Superior Court to the United States District Court for the Southern District of California.

DATED: January 29, 2026                SEYFARTH SHAW LLP


By: */s/ Timothy L. Hix*
      Timothy L. Hix
      Bailey K. Bifoss
      Brittney E. Willis

      Attorneys for Defendants
      BIOLIFE PLASMA SERVICES, L.P.,
      BIOLIFE PLASMA LLC, TAKEDA
      PHARMACEUTICALS U.S.A., INC., and
      TAKEDA PHARMACEUTICALS
      AMERICA, INC.

17

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT