# EXHIBIT C

**SEYFARTH SHAW LLP**
Timothy L. Hix (SBN 184372)
thix@seyfarth.com
Brittney E. Willis (SBN 334694)
bwillis@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Bailey K. Bifoss (SBN 278392)
bbifoss@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
BIOLIFE PLASMA SERVICES, L.P.,
BIOLIFE PLASMA LLC,
TAKEDA PHARMACEUTICALS U.S.A., INC., and
TAKEDA PHARMACEUTICALS AMERICA, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

HAIRO ANTONIO DIONICIO GARCIA, individually and on behalf of others similarly situated,

Plaintiff,

v.

BIOLIFE PLASMA SERVICES, L.P., a Pennsylvania limited Partnership; BIOLIFE PLASMA LLC, a Delaware Limited Liability Company; TAKEDA PHARMACEUTICALS AMERICA, INC., a Delaware Corporation; TAKEDA PHARMACEUTICALS U.S.A., INC., a Delaware corporation; TAKEDA PHARMACEUTICALS AMERICA, INC., a Delaware Corporation and DOES 1 through 50, inclusive,

Defendants.

Case No. 25CU062256C

Honorable Blaine K. Bowman, Dept. C-74

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

Action Filed: November 19, 2025

Defendants BIOLIFE PLASMA SERVICES, L.P., BIOLIFE PLASMA LLC, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA PHARMACEUTICALS AMERICA, INC. ("BioLife" and "Takeda;" together "Defendants") hereby answer the unverified Class Action Complaint ("Complaint") filed on behalf of Plaintiff ANTONIO DIONICIO GARCIA ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation, statement, and matter and each purported cause of action contained in Plaintiff's Complaint and, without limiting the generality of the foregoing, deny generally and specifically that Plaintiff or any individual he seeks to represent has been damaged in any way by reason of any act or omission of Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming any burden of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend this Answer and to assert any additional defenses and affirmative defenses as may become available and apparent during the course of this litigation.

### FIRST DEFENSE

**(No Employment Relationship—Takeda Defense to All Causes of Action)**

1. The claims asserted by Plaintiff are barred to the extent neither he nor the individuals he seeks to represent had an employment relationship with Takeda within the meaning of the subject laws and regulations including without limitation the California Labor Code.

### SECOND DEFENSE

**(Failure to State a Cause of Action—All Causes of Action)**

2. Plaintiff's Complaint and each purported cause of action stated therein fails to state facts sufficient to constitute a cause of action or claim for relief.

///

///

///

///

**THIRD DEFENSE**

**(Statute of Limitations—All Causes of Action)**

3. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338 and 340, as well as Business & Professions Code section 17208.

**FOURTH DEFENSE**

**(Estoppel—All Causes of Action)**

4. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are estopped by their conduct to assert any cause of action against Defendants.

**FIFTH DEFENSE**

**(Unclean Hands —All Causes of Action)**

5. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH DEFENSE**

**(Laches—All Causes of Action)**

6. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrine of laches. Plaintiff exercised inexcusable delay in commencing this action. Additionally, employees are instructed on how to report any alleged improper activity. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to report any such alleged conduct, their causes of action are barred by the doctrine of laches.

**SEVENTH DEFENSE**

**(Offset and Recoupment—All Causes of Action)**

7. To the extent a court holds that Plaintiff and/or any current or former employees on whose behalf he brought the action are entitled to damages or penalties, which is specifically denied, Defendants are entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff or any current or former employees on whose behalf he brought the action. To the extent a court holds that Plaintiff and/or any current or former employees on whose behalf he

brought the action are entitled to damages or penalties, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or any current or former employees on whose behalf he brought the action owed to Defendants against any judgment that may be entered against Defendants.

**EIGHTH DEFENSE**

**(Consent / Authorization —All Causes of Action)**

8. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that the alleged conduct of Defendants complained of in the Complaint was approved, consented to, and/or authorized by Plaintiff and/or the current or former employees on whose behalf he brought the action through their actions, omissions, and course of conduct.

**NINTH DEFENSE**

**(Ratification—All Causes of Action)**

9. The Complaint and each purported cause of action stated therein is barred, in whole or in part, on the ground that Plaintiff and/or any current or former employees on whose behalf he brought the action ratified Defendants' alleged actions.

**TENTH DEFENSE**

**(Release—All Causes of Action)**

10. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action entered into or are otherwise bound by compromise, settlement or release agreements regarding those claims.

**ELEVENTH DEFENSE**

**(Accord and Satisfaction—All Causes of Action)**

11. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrine of accord and satisfaction.

//

//

//

**TWELFTH DEFENSE**

**(Res Judicata and Collateral Estoppel—All Causes of Action)**

12. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action have asserted the same claims in any prior legal or administrative proceeding and did not prevail on such claim.

**THIRTEENTH DEFENSE**

**(Failure To Comply with The Employer's Directions—All Causes of Action)**

13. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that Plaintiff failed to comply with the directions of his employer concerning the service for which he was engaged and such obedience to these directions was neither impossible nor unlawful and would not impose new and unrealistic burdens.

**FOURTEENTH DEFENSE**

**(Good Faith—All Causes of Action)**

14. The Complaint and each purported cause of action stated therein is barred, in whole or in part, on the ground Plaintiff and any current or former employees on whose behalf he brought the action cannot establish a willful, knowing, and intentional violation of any provision in the California Labor Code or applicable Wage Order because Defendants acted in good faith with reasonable grounds for believing that their actions were lawful.

**FIFTEENTH DEFENSE**

**(Failure to Inform Employer of Alleged Violations – All Causes of Action)**

15. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent Plaintiff did not inform Defendants of any of the violations alleged in the Complaint prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

//

//

**SIXTEENTH DEFENSE**

**(Meal Periods Provided and Rest Periods Authorized and Permitted – Second and Third Causes of Action)**

16. At all times relevant to the Complaint, Plaintiff and/or any current or former employees on whose behalf he brought the action were provided meal periods and authorized and permitted to take rest periods in compliance with California law. Their choice not to take meal or rest breaks does not create a violation of the California Labor Code or the Wage Orders.

**SEVENTEENTH DEFENSE**

**(Meal Period Waivers – Second Cause of Action)**

17. The Complaint and each purported claim therein alleging a failure to provide meal periods is barred to the extent that Plaintiff and the current or former employees on whose behalf he brought the action voluntarily waived the right to a meal period in accordance with the California Labor Code or the applicable Wage Order.

**EIGHTEENTH DEFENSE**

**(Rest Period Waivers – Third Cause of Action)**

18. The Complaint and each purported claim therein alleging a failure to provide rest periods is barred to the extent that Plaintiff and the current or former employees on whose behalf he brought the action voluntarily waived the right to a rest period in accordance with the California Labor Code or the applicable Wage Order.

**NINETEENTH DEFENSE**

**(No Knowing and Intentional Injury— Fifth Cause of Action)**

19. Neither Plaintiff nor those persons Plaintiff purports to represent are entitled to recover any penalties for allegedly non-compliant wage statements because no knowing and intentional violation of Labor Code section 226 occurred, and the employees have suffered no injury.

**TWENTIETH DEFENSE**

**(Good Faith Dispute—Fourth Cause of Action)**

20. Plaintiffs and those persons Plaintiffs purport to represent by this action are not entitled to Labor Code penalties because a good faith dispute exists as to the monies allegedly owed.

**TWENTY-FIRST DEFENSE**

**(No Knowledge of Reasonable and Necessary Business Expenses—Sixth Cause of Action)**

21. Plaintiff's Complaint and each purported cause of action therein alleging a failure to reimburse business expenses, fails to the extent that Plaintiff, or those persons he purports to represent, did not inform Defendants of or seek indemnification for reasonably and necessarily incurred business expenses. An employer cannot be held liable for failing to indemnify an employee's necessary expenses if it does not know or have reason to know that the employee has incurred the expense.

**TWENTY-SECOND DEFENSE**

**(Unavailable Remedies Under the UCL— Ninth Cause of Action)**

22. Plaintiff's UCL cause of actions fail to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL.

**TWENTY-THIRD DEFENSE**

**(Adequate Legal Remedy—Ninth Cause of Action)**

23. Plaintiff's UCL cause of actions fail because he has an adequate remedy at law.

**ADDITIONAL DEFENSES**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, separate defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

//

//

//

//

//

//

//

//

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by his unverified Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;
3. That Defendants be awarded reasonable attorneys' fees according to proof;
4. That Defendants be awarded the costs of suit incurred herein; and
5. That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: January 28, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: ______________________

Timothy L. Hix
Brittney E. Willis
Bailey K. Bifoss
Attorneys for Defendants
BIOLIFE PLASMA SERVICES, L.P.,
BIOLIFE PLASMA LLC,
TAKEDA PHARMACEUTICALS U.S.A., INC., and
TAKEDA PHARMACEUTICALS AMERICA, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) SS
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California 90017-5793.

On **January 28, 2026**, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

| | |
|---|---|
| ☒ | **VIA MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. |
| ☒ | **VIA E-MAIL**: by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. |

| | |
|---|---|
| **JAMES HAWKINS APLC**<br>James R. Hawkins, Esq.<br>Gregory Mauro, Esq.<br>Michael Calvo, Esq.<br>Lauren Falk, Esq.<br>Ava Issary, Esq.<br>9880 Research Drive, Suite 200<br>Irvine, California 92618<br><br>Telephone: (949) 387-7200<br>Facsimile: (949) 387-6676 | Attorneys for Plaintiff<br>HAIRO ANTONIO DIONICIO GARCIA<br><br>james@jameshawkinsaplc.com<br>greg@jameshawkinsaplc.com<br>michael@jameshawkinsaplc.com<br>lauren@jameshawkinsaplc.com<br>ava@jameshawkinsaplc.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 28, 2026**, at Los Angeles, California.

Alicia Guillen